UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X       CIVIL ACTION NO.
SHAQUAN BUTLER,

                                    Plaintiff,

                                                                                 COMPLAINT

         -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, SGT. LAMONT GIBSON,
SGT. JOSE R. SANTORY, P.O. JOSE CONCEPCION
P.O. JOHN DOE,                                                                   JURY TRIAL
                                                                                 DEMANDED

                                    Defendants
-------------------------------------------------------------------------X

         The plaintiff, complaining of the defendants, by his attorney, RICHARD M. GUTIERREZ,

ESQ., respectfully shows to this Court and alleges:

                                        JURISDICTION

         1.       Jurisdiction is founded upon the existence of a Federal Question.

         2.       This is an action to redress the deprivation under color of statute, ordinance,

regulation, custom or usage of a right, privilege and immunity secured to plaintiff by the First, Fourth

and Fourteenth Amendments to the Constitution of the United States, Title 42 of the United States

Code, Section 1983 and under the laws and statutes of the State of New York.

         3.       Jurisdiction is founded upon U.S.C. Sections 1331 and 1343(4), this being an action

authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom

or usage of a right, privilege and immunity secured to Plaintiff by the First, Fourth and Fourteenth

Amendments to the Constitution of the United States.

         4.       The matter in controversy exceeds, exclusive of interest and costs, the sum or value of

ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

PARTIES

5.      The plaintiff, SHAQUAN BUTLER, a Afro-American male, is a citizen of the United States, and is a resident of Richmond County, State of New York.

6.      Upon information and belief, that at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws and Constitution of the State of New York.

7.      Upon information and belief, that at all times hereinafter mentioned, and on or about November 14, 2015, defendants, P.O. JOSE CONCEPCION, SGT. LAMONT GIBSON, SGT. JOSE R. SANTORY and P.O. JOHN DOE, were employed by the defendant, the NEW YORK CITY POLICE DEPARTMENT, as police officers.

8.      The defendant, the NEW YORK CITY POLICE DEPARTMENT, is a local governmental agency, duly formed and operating under and by virtue of the laws and Constitution of the State of New York and, as such, is responsible for the policies, practices and customs of the NEW YORK CITY POLICE DEPARTMENT as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

9.      Upon information and belief, that at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the police officers thereof.

10.     This action arises under the United States Constitution, particularly under provisions of the First, Fourth and Fourteenth Amendments, Title 42 United States Code Section 1983 and arising under the laws and statutes of the State of New York.

2

11.     Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants, and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their office as police officers of said State and City.

## PENDENT STATE CLAIMS

12.     That the Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages for unlawful seizure, false arrest and imprisonment, assault and battery, violation of civil rights, negligence in hiring and retaining, negligence in performance and negligence in training and supervising, the nature of the claim and the date of, the time when, the place where, and the manner in which the claim arose was duly served upon the Municipal Agents of the defendants, NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, on or about the 21st day of January, 2016.

13.     The plaintiff testified at a "50-h hearing" pursuant to the General Municipal Law §50-h on September 28, 2016.

14.     That more than thirty (30) days have elapsed since the Notice of Claim has been served upon the defendants and the defendants have neglected or refused to make any adjustment or payment thereof.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF SHAQUAN BUTLER

15.     The plaintiff, SHAQUAN BUTLER, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "14" with the same force and effect as if more fully set forth herein.

16.    On or about 5:25 A.M. on the 14th day of November, 2015, at the corner of Chisholm Street and Jennings Street, in the County of Bronx, State of New York, the defendants, their agents, servants and employees wrongfully assaulted, injured, maimed and falsely arrested, imprisoned and restrained plaintiff, SHAQUAN BUTLER, without any right or grounds therefor.

17.    On the 14th day of November, 2015 the defendants also wrongfully and falsely accused the plaintiff, SHAQUAN BUTLER, of Criminal Possession of a Weapon in the Third Degree, Attempted Assault in the Second Degree, Menacing in the Second Degree, Criminal Possession of a Weapon in the Fourth Degree, Resisting Arrest and False Impersonation.

18.    The detention, arrest and imprisonment of the plaintiff, SHAQUAN BUTLER, was caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law, and without any reasonable cause or belief that the plaintiff, SHAQUAN BUTLER, was in fact guilty of such offenses.

19.    On the aforesaid date, time and place, the plaintiff, SHAQUAN BUTLER, who was lawfully and properly at the location hereinabove noted, was assaulted by defendant, POLICE OFFICER SGT. LAMONT GIBSON, who STRUCK the plaintiff, SHAQUAN BUTLER in the face with a police baton causing severe and protracted personal injuries.

20.    While the plaintiff, SHAQUAN BUTLER, was so engaged, as aforesaid, the defendants, their agents, servants and employees, wrongfully and unlawfully, against the plaintiff's wish, without probable cause, and on the false accusations then claimed, that plaintiff, SHAQUAN BUTLER, was violating New York State Penal Law §265.02(1), 110/120.05(2) and other charges, arrested and imprisoned the plaintiff, SHAQUAN BUTLER, and with full force of arms, they forcibly and violently seized, assaulted and laid hold of and compelled him to go with said defendant police officers into a "paddy wagon" during which time plaintiff was further threatened by defendant

police officers and then taken by ambulance to Lincoln Hospital Center where unknown police officers further restrained the plaintiff.  The plaintiff, SHAQUAN BUTLER, was then further unlawfully detained and held at Lincoln Hospital Center and continuing to other places and times, including but not limited to, Central Booking located in Bronx County; detention cells at Bronx Criminal Court, thereafter plaintiff, SHAQUAN BUTLER, was arraigned before a Criminal Court Judge who set bail and plaintiff remained in his custody of New York City Department of Corrections until his release on August 4, 2016.

21.    The defendants, their agents, servants and employees, acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff, SHAQUAN BUTLER, eventhough the defendants, their agents, servants and employees had the opportunity to know or should have known that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff, SHAQUAN BUTLER, and directed that the plaintiff be searched and placed in confinement at said location.

22.    The plaintiff, SHAQUAN BUTLER, was wholly innocent of said criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and were forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

23.    As a result of the aforesaid accusations made by defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff, SHAQUAN BUTLER, was compelled to appear before a Judge of the Criminal Court of the County of Bronx and to be arraigned on the 14th day of November, 2015, on the charges of Criminal Possession of a Weapon in the Third Degree, Attempted Assault in the Second Degree and other related charges.

24.     The defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to confine the plaintiff, SHAQUAN BUTLER, in that the plaintiff was conscious of the confinement and defendants were not otherwise privileged.

25.     By reason of the false arrest, imprisonment and detention of the plaintiff, SHAQUAN BUTLER, he was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with various crimes and greatly injured in his credit and circumstances and was then and there prevented and hindered from preforming and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

26.     By reason of the aforesaid, the plaintiff, SHAQUAN BUTLER, has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF SHAQUAN BUTLER

27.     Plaintiff, SHAQUAN BUTLER, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "26" with the same force and effect as if more fully set forth herein.

28.     The defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT were careless and reckless in hiring and retaining as and for its employees, the above named individuals, i.e., P.O. JOSE CONCEPCION, SGT. LAMONT GIBSON, SGT. JOSE R. SANTORY and P.O. JOHN DOE, in that these defendants lacked  the experience, deportment and ability to be employed by the defendants; in that the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendant; in that the

defendants, CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, failed to investigate the above named defendants' backgrounds and in that they hire and retained as employees of their police department individuals who were unqualified in that the defendants lacked the maturity, sensibility and intelligence to be employed when hired to be employees; the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

29.    The aforesaid false arrest and imprisonment, assault and battery and resulting injuries to mind and body of the plaintiff, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees, without any negligence on the part of the plaintiff contributing thereto.

30.    By reason of the aforesaid, the plaintiff, SHAQUAN BUTLER, who was injured in mind and body, still suffers and, upon information and belief, will continue to suffer physical and mental pain, and was rendered sick, sore, lame and disabled and so remain, and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort to cure himself of said injuries and to extricate himself from the indignities and humiliation foisted upon him by the action of the defendants, their agents, servants and employees, including counsel fees and upon information and belief, will expend further sums of money in that direction, and the plaintiff, SHAQUAN BUTLER, has been otherwise damaged.

31.    By reason of the aforesaid, the plaintiff, SHAQUAN BUTLER, has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF SHAQUAN BUTLER

32.    Plaintiff, SHAQUAN BUTLER, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "31" with the same force and effect as if more fully set forth herein.

33.     The defendants, their agents, servants and employees, negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular the named defendants, POLICE OFFICERJOSE CONCEPCION, SGT. LAMONT GIBSON, SGT. JOSE R. SANTORY and P.O. JOHN DOE, in that they failed to train their employees in the proper method of restraining a suspect; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representative of their employers, and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

34.     The aforesaid  false arrest and imprisonment, assault and battery and the resulting injuries to the plaintiff's mind and body, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

35.     By reason of the aforesaid, the plaintiff, SHAQUAN BUTLER, was injured in mind and, upon information and belief, will continue to suffer physical and mental pain, and was rendered sick, sore, lame and disabled and so remains and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, including counsel fees, and upon information and belief, will expend further sums of money in that direction, and the plaintiff has been otherwise damaged.

36.     By reason of the aforesaid, the plaintiff, SHAQUAN BUTLER, has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF SHAQUAN BUTLER

37.     Plaintiff, SHAQUAN BUTLER, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "36" with the same force and effect as if more fully set forth herein.

38.     The defendants, their agents, servants and employees, negligently, carelessly and recklessly performed their police duties in that they failed to use such care in the performance of their duties as a trained police officer would have used under similar circumstances in that they carelessly, recklessly and negligently arrested the plaintiff without making proper investigation; in that they were negligent, careless and reckless in the manner in which they operated, controlled and maintained the arrest of the plaintiff; in that the defendants, their agents, servants and employees, negligently, carelessly and recklessly, without provocation, and with force and violence and while striking the plaintiff in the face with a police baton and pushing him to the ground, interfered with plaintiff's rights of free movement on a public street; in that the defendants negligently struck the plaintiff; in that the defendants negligently, carelessly and recklessly used a threat of physical force and actually used physical force upon the plaintiff; in that the defendants, their agents, servants and employees were otherwise negligent, careless and reckless.

39.     The aforesaid false arrest and imprisonment, assault and battery and the resulting injuries to the plaintiff's mind and body, were caused wholly and solely by reason of the negligence ' of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

40.     By reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and, upon information and belief, will continue to suffer physical and mental pain, and was rendered sick, sore, lame and disabled and so remain, and was incapacitated and will, upon information and belief, be so incapacitated in the future, and has expended and incurred diverse sums of money in an effort

to cure himself of said injuries to and to extricate himself from the indignities and humiliation foisted upon by the actions of the defendants, their agents, servants and employees, including counsel fees, and upon information and belief, will expend further sums of money in that direction, and the plaintiff has been otherwise damaged.

41.     By reason of the aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF SHAQUAN BUTLER

42.     Plaintiff ,SHAQUAN BUTLER, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "41" with the same force and effect as if more fully set forth herein.

43.     On November 14, 2015, approximately 5:25 A.M., while the plaintiff was lawfully outside at the corner of Chisholm Street and Jennings Street, County of Bronx, City and State of New York, and at subsequent times thereafter, including but not limited to Lincoln Hospital Center, Bronx Central Booking, a detention cell at the Criminal Court Building at Bronx, New York, and incarceration at New York City Department of Corrections facility, the defendants, their agents, servants and employees maliciously prosecuted and detained plaintiff, without any just right or grounds therefor.

44.     The plaintiff, SHAQUAN BUTLER, was and is wholly innocent, and was forced by the defendants to submit to court proceedings.

45.     On November 14, 2015, before a Judge of the Criminal Court of the City of New York, Bronx County, the defendants, their agents, servants and employees falsely and maliciously and without probable cause or provocation charged the plaintiff, SHAQUAN BUTLER, with crimes and offenses under the New York Penal Law.

46.     The defendants, their agents, servants and employees acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before the aforementioned Judge.

47.     The prosecution on criminal charges were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever. Also, the commencement of the criminal proceedings by the defendants against the plaintiff, SHAQUAN BUTLER, was without probable cause and with actual malice.

48.     By reason of the aforesaid unlawful and malicious prosecution, the plaintiff, SHAQUAN BUTLER, was deprived of his liberty, subjected to great indignity, humiliation, pain and great distress of mind and body, held up to scorn and ridicule, was injured in his character and reputation, prevented from attending his usual business and avocation, injured in his reputation in the community been otherwise damaged.

49.     That by reason of aforesaid, the plaintiff has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

AS AND FOR A SIXTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF SHAQUAN BUTLER

50.     Plaintiff, SHAQUAN BUTLER, repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "49" with the same force and effect as if more fully set forth herein.

51.     On November 14, 2015, approximately 5:25 A.M., while the plaintiff was lawfully at corner of Chisholm Street and Jennings Street in the County of Bronx, State of New York, when the defendants, as part of their regular and official employment as police officers for the defendants

11

CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT were also present and detained and arrested plaintiff.

52.     As plaintiff was lawfully and properly thereat, the aforementioned police officers, having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the plaintiff, SHAQUAN BUTLER, did so threaten these acts upon the plaintiff, who, after continuing his lawful activity, was forcefully detained by the defendants, P.O. JOSE CONCEPCION, SGT. LAMONT GIBSON, SGT. JOSE R. SANTORY and P.O. JOHN DOE.

53.     Immediately thereafter, the defendants falsely arrested and imprisoned the plaintiff, SHAQUAN BUTLER, and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, by handcuffing him and threatening him with the possible use of weapons and the use of physical force and imprisoned him without any conduct on the part of the plaintiff to so warrant.

54.     All of the actions of the defendants, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the plaintiff, SHAQUAN BUTLER, to arrest, restrain and imprison him without his consent.  The plaintiff at all times was conscious of his arrest and did not consent to his arrest.

55.     The arrest and imprisonment were not justified by probable cause or other legal privilege.  Moreover, the defendants, their agents, servants and employees, acting under the color of statutes, ordinances, regulations, customs and usages of the  City of New York, County of Queens and the New York City Police Department, and under the authority of their office as police officers for the police department, falsely charged the plaintiff, SHAQUAN BUTLER, with violating the

aforesaid sections of the Penal Law although the defendants, acting in such capacity, knew that such charges were false.

56.     The defendants, their, agents, servants and employees caused an assault and battery when they, in a hostile and offensive manner, threatened, touched, hit and threw the plaintiff to the ground, without his consent and with the intention of causing harmful and offensive bodily contact, all without warrant, probable cause or any lawful cause whatsoever.

57.     The defendants, their agents, servants and employees failed to adequately and properly hire, retain, train supervise, discipline or in any other way control the behavior, and the performance of the defendants, their agents, servants and employees and their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State of New York is evidence of the reckless lack of regard for the rights of the public including plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

58.     The failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants in the exercise of their functions and their failure to enforce the laws of the State of New York, the City of New York and the New York City Police Department was carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State of New York and the City of New York including the plaintiff.

59.     Due to the acts of the defendants, their agents, servants and employees herein, the failure of the New York City Police Department to discipline and properly hire the defendants and the continued employment of the defendants represent a clear and present danger to the citizens of the City of New York and the State of New York.

13

60.     The prosecution and criminal charges were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever.  The commencement of the criminal proceeding by the defendants against the plaintiff, SHAQUAN BUTLER, was without probable cause and with actual malice.

61.     The defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named plaintiff in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of Queens, and under the authority of their office as police officers for said CITY and POLICE DEPARTMENT.

62.     Plaintiff, SHAQUAN BUTLER, did not commit any illegal acts, either before or at the time he was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the State of New York.

63.     As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, the plaintiff, SHAQUAN BUTLER, was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and compelled to be arraigned and appear in Criminal Court, County of Bronx and to undergo a criminal prosecution.

64.     At all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendant, THE NEW YORK CITY POLICE DEPARTMENT, and were acting under the color of their official capacity and their acts were performed under the color of policies, statutes, ordinances, rules and regulations of THE NEW YORK CITY POLICE DEPARTMENT.

14

65.     At all time hereinafter mentioned, defendants, P.O. JOSE CONCEPCION, SGT. LAMONT GIBSON, SGT. JOSE R. SANTORY and P.O. JOHN DOE, and unknown police officers, were acting pursuant to orders and directives from the defendant, THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT.

66.     During all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of the law, to wit: under color of statutes, ordinances, regulations, customs and usage of the City of New York and the defendants herein, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff, SHAQUAN BUTLER, and deprived said plaintiff of rights secured by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States.

67.     The Police Officers of the defendant, NEW YORK CITY POLICE DEPARTMENT, and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiff, acting under color of law, have subjected the plaintiff, and other persons, to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonment, false arrest and malicious prosecution at the time said plaintiff was lawfully and properly on the public streets of the City of New York, in the County of Bronx, State of New York, in denial of rights, privileges and immunities guaranteed plaintiff and other citizens by the Constitution of the United States.

68.     This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest, false imprisonment and malicious prosecution visited on plaintiff, SHAQUAN BUTLER, and other citizens by members of the police department of defendant, The City of New York and New York Police Department acting in concert with persons unknown to plaintiff and under color of law and said acts, while carried out under color of law, have no

justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

69.     Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatsoever against any of their employees or agents.

70.     The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff, SHAQUAN BUTLER, of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York.

71.     The right of plaintiff, SHAQUAN BUTLER, to be secure in his person and effect against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

72.     The right of plaintiff, SHAQUAN BUTLER, to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States.

73.     The right of plaintiff, SHAQUAN BUTLER, not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

74.     By reason of the aforesaid violations, false arrest, false imprisonment, assault and battery and malicious prosecution caused by the defendants, their agents, servants and employees

who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff, SHAQUAN BUTLER, and compel him to abandon his rights and privileges as provided to them by the Constitution of the United States of America, and provided to them in the Constitution of the State of New York, and laws related thereto, the defendants, their agents, servants and employees acted as persons who under color of any statute, ordinance, regulation, custom or usage of the CITY OF NEW YORK, subjected a citizen of the United States or other persons within the jurisdiction, particularly the plaintiff, SHAQUAN BUTLER, to be deprived of his rights, privileges or immunities received by the Constitution and laws of the United States of America and the State of New York; were subjected to great indignities and humiliation, and pain and distress of mind and body and were held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging said plaintiff.

75.     By reason of the aforesaid intentional assault and battery, the false arrest and false imprisonment, malicious prosecution and deprivation of his rights and liberties as guaranteed by the aforementioned Constitution, by the defendants, their agents, servants and employees, acting with the scope of their authority, and without any probable or reasonable cause, the plaintiff, SHAQUAN BUTLER, suffered great bodily injury as described hereinabove.

76.     By reason of the aforesaid, the Plaintiff , SHAQUAN BUTLER, has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

77.     By reason of the aforesaid, the plaintiff, SHAQUAN BUTLER, requests the following relief:

78.     Compensary damages in the sum of SIX MILLION ($6,000,000.00) DOLLARS as per the schedule set forth below.

79.     Punitive damages of TWO MILLION ($2,000,000.00) DOLLARS.

80.     An award of reasonable attorney's fees, costs and disbursements;

81.     Plaintiff requests a trial by jury of all issues involved in this complaint;

82.     Such other and further relief as this Court may deem just and proper under the circumstances.

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

ON THE FIRST CAUSE OF ACTION.....................$1,000,000.00

ON THE SECOND CAUSE OF ACTION................$1,000,000.00

ON THE THIRD CAUSE OF ACTION....................$1,000,000.00

ON THE FOURTH CAUSE OF ACTION................$1,000,000.00

ON THE FIFTH CAUSE OF ACTION.....................$1,000,000.00

ON THE SIXTH CAUSE OF ACTION....................$1,000,000.00

JURY TRIAL DEMAND

The Plaintiff, SHAQUAN BUTLER requests a jury trial on all questions of fact raised by his Complaint.

Dated: Forest Hills, NY
       January 12, 2017

                          Yours, etc.

                          _Richard M. Gutierrez_

                          RICHARD M. GUTIERREZ, ESQ.
                          Attorney for plaintiff
                          118-35 Queens Blvd., S/1220
                          Forest Hills, NY 11375
                          (718) 520-0663

## CERTIFICATION

Pursuant to 29 CFR 220.32, the undersigned, an attorney admitted to practice in the courts of the Southern District of New York, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous, are well grounded in fact and are warranted by existing law.

Dated: Forest Hills, New York
        January 12, 2017


RICHARD M. GUTIERREZ, ESQ.

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Index No.:

---

SHAQUAN BUTLER

                                              Plaintiff,

              -against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT,
P.O. JOSE CONCEPCION, SGT.LAMONT GIBSON, SGT. JOSE R. SANTORY AND P.O. JOHN DOE

                                              Defendant(s)

---

## COMPLAINT

---

### RICHARD M. GUTIERREZ, ESQ.
*Attorney for Shaquan Butler*
**118-35 QUEENS BOULEVARD SUITE 1500**
**FOREST HILLS, NY 11375**
**Telephone No.: 718-520-0663**

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that,*
*upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*
Dated: __January 20, 2017__          Signature.....*Richard M. Gutierrez*.....
                                     *Print Signer's Name* RICHARD M. GUTIERREZ, ESQ.

---

*Service of a copy of the within* ............................................................ *is hereby admitted.*

*Dated:*

                         ................................................................
                         *Attorney(s) for*

---

PLEASE TAKE NOTICE
              *that the within is a (certified) true copy of a*
              *entered in the office of the clerk of the within named Court on*

NOTICE OF
ENTRY
              *that an Order of which the within is a true copy will be presented for settlement to the*
              *Hon.*                                    *One of the judges of the within named court,*
NOTICE OF             *at*
SETTLEMENT
                                                        *on*                    *,at*

*Dated:*
*To:*                                 **RICHARD M. GUTIERREZ, ESQ**
                                      118-35 QUEENS BOULEVARD SUITE 1500
                                      FOREST HILLS, NEW YORK 11375

*Attorney(s) for*